cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP MARTINET, Individually, On Behalf of All Others Similarly Situated, and on Behalf of the General Public,<br><br>　　　　　　　Plaintiff,<br>v.<br>SPHERION ATLANTIC ENTERPRISES, LLC, A Delaware Limited Liability Company,<br>　　　　　　　Defendants. | Civil No.07cv2178 W (AJB)<br><br>Order Granting In Part and Denying In Part Defendant's Motion for Protective Order [Doc. No. 22] |

The Defendants filed a motion for protective order seeking to limit the scope of discovery sought by the Plaintiff, arguing that the Plaintiff is not entitled to state-wide discovery absent a showing of Rule 23 Class-Action requirements. The Plaintiff has filed an opposition arguing that the Defendants' motion is premature and without merit. The Defendants filed a reply. This motion was taken under submission without oral argument pursuant to Local Rule 7.1(d)(1).

### *Background*

Plaintiff, Philip Martinet, a former non-exempt employee of the Defendants,[1] brings this employment action alleging violations of the California Labor Code on behalf of himself and Defendants' other current and former California hourly, non-exempt employees. Plaintiff also brings this action on behalf of the State of California pursuant to the Labor Code Private Attorneys General Act

---

[1] The Plaintiff was employed by Defendant Spherion Atlantic Enterprises LLC from July 1, 2007 until the date of separation of employment on August 18, 2007.

1

of 2004 ("PAGA") (Labor Code § 2698 *et seq.*) and on behalf of the general public pursuant to California's Unfair Competition Law ("UCL") (Bus. & Prof. Code § 17200 *et seq.*).  Plaintiff's First Amended Complaint alleges nine causes of action under the California Labor Code and UCL: (1) Unlawful deductions of earned wages in violation of California Labor Code §§ 204 & 221; (2) Failure to pay overtime in violation of California Labor Code §§ 510 & 1194; (3) Failure to provide meal breaks or compensation in lieu thereof in violation of California Labor Code §§ 226.7, 512; Cal. Code Reg., Title 8 § 11040); (4) Failure to provide rest periods or compensation in lieu thereof in violation of California Labor Code §§ 226.7; Cal. Code Reg., Title 8 § 11040); (5) Failure to reimburse for reasonable business expenses in violation of California Labor Code § 2802; (6) Failure to provide properly itemized wage statements in violation of California Labor Code § 226, 226.3; (7) Failure to pay compensation at the time of termination in violation of California Labor Code §§ 201-203; (8) Unlawful and unfair business practices (California Business & Professional Code § 17200 *et seq.*); and; (9) Labor Code Private Attorney General Act of 2004 (California Labor Code § 2698 *et seq.*).

With regard to these claims, Plaintiff seeks to represent a class and subclass respectively defined as: (1) All current and former California-based, hourly, non-exempt employees of Defendant Spherion Atlantic Enterprises LLC who were employed from September 25, 2003 until the present (hereinafter, "the class"); and (2) All current and former California-based, hourly, non-exempt employees of Defendant Spherion Atlantic Enterprises LLC who separated or terminated their employment with Spherion between September 25, 2004 and the present (hereinafter, "the sub-class").

### *Discussion*

The Defendant has filed this moion for protective order arguing that Plaintiff's pre-class certification discovery seeking information relating to thousands of its state-wide employees at hundreds of different offices and franchises is unreasonably broad, unduly burdensome, and irrelevant to certification of a class common to the Plaintiff.  The Defendant seeks the protective order, not with regard to any specific request, but rather with regard to the scope of discovery sought by the Plaintiff. The Defendant contends that the Plaintiff has not met his burden of demonstrating that he has satisfied the requirements of Rule 23 or that the discovery sought is likely to substantiated his class allegations. The Defendant also argues that the statewide discovery sought by Plaintiff with regard to Defendant's

current and former California-based, hourly, non-exempt employees is irrelevant and over broad because Spherion has over fifty (50) offices in California, that place thousands of employees at tens of thousands of different job assignments in different industries throughout the state that are subject to fifteen (15) different California Wage orders. The Defendant argues that the roughly 10,000 employees covered by Plaintiff's class definition during the four year period specified, cannot be adequately represented by the Plaintiff, because each of the different positions has its own unique set of practices, procedures and operative employment documents based upon the position's job description and the particular industry or area of employment.

Alternatively, the Plaintiff argues that Defendant's request for a protective order is premature and without merit because the Defendant has failed to establish good cause under Rule 26(c) and the Plaintiff is entitled to the requested discovery, which is relevant to certification of the class.

Upon review of the document requests and interrogatories at issue in this motion in light of the First Amended Complaint and the arguments set forth by the parties, the Court finds the relevant time period, as well as the scope of the requests as currently set, to be over broad and burdensome at this stage in the proceedings. First, with regard to the relevant time period set by the Plaintiff for these requests, the Court finds the time period of September of 2003 to present to be excessive in light of the Plaintiff's relevantly short period of employment with the Defendant, which lasted from July 1, 2007 until August 18, 2007. The Court finds that the Plaintiff has failed to demonstrate good cause warranting discovery three years prior to his employment. In light of Defendant's arguments that responding to Plaintiff's request would be unduly burdensome requiring 24,800 man hours at an estimated expense of over $550,000.00, the Court hereby GRANTS IN PART Defendant's motion for protective order, limiting the relevant time period for Plaintiff's requests to January 1, 2007 to December 31, 2007.

With regard to the scope of Plaintiff's requests, which seek discovery related to all California-based, hourly, non-exempt employees, the Court finds that the Plaintiff has failed to demonstrate good cause warranting this type of expansive discovery of Defendant's roughly 10,000 employees at Defendant's 50 offices throughout the State of California. As such, the Court hereby GRANTS IN PART Defendant's motion for protective order, limiting the scope of Plaintiff's requests to Defendant's San Diego County office where the Plaintiff was employed. If, upon review of the documents and

1  responses produced by the Defendant in response to these request, the Plaintiff is able to evidence
2  support for the allegations set forth in the First Amended Complaint, the Plaintiff may seek leave of this
3  Court to expand the scope of discovery beyond that which is set forth in this order.

### *Conclusion*

5  For the reasons set forth above, the Court hereby GRANTS IN PART Defendant's motion for
6  protective order limiting the relevant time period to 2007 for Plaintiff's requests and limiting the scope
7  of Plaintiff's requests to Defendant's San Diego County office where the Plaintiff was employed.  The
8  Defendant's motion for protective order is DENIED IN PART with regard to Plaintiff's Request for
9  Production of Documents Nos. 1, 2, 9, 14, 22-24, since these requests deal solely with the Plaintiff and
10 are relevant when limited to the 2007 time period set forth above.  The Defendant shall provide
11 responses to the remainder of the Plaintiff's requests in compliance with the limitations set forth in this
12 Order *on or before July 11, 2008*.
13 IT IS SO ORDERED.

15 DATED:  June 20, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court